# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **PHYLLIS KAMINOWITZ**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ARX PATIENT SOLUTIONS, LLC, ASSISTRX, INC.,** and **ARX PATIENT SOLUTIONS PHARMACY, LLC**<br><br>Defendants. | Case No.: 6:23-CV-01446-WWB-EJK |

### DECLARATION OF WILLIAM B. FEDERMAN
### IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION
### FOR PRELMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, **William B. Federman**, declare under penalty of perjury as follows:

1. I am an attorney duly admitted to the bars of the states of Texas, Oklahoma, and New York. I am admitted pro hac vice before this Court. I am a founder and managing member of the law firm Federman & Sherwood and am Proposed Class Counsel for Plaintiff and the putative class ("Class Counsel") in the above referenced action (the "Action"). I submit this declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Incorporated Memorandum of Law in Support, filed contemporaneously herewith.

1

2. Plaintiff Phyllis Kaminowitz ("Plaintiff"), on behalf of herself and on behalf of all other members of the putative class, and ARX Patient Solutions, LLC, AssistRx, Inc., and ARX Patient Solutions Pharmacy, LLC ("Defendants" or "ARX") have reached an agreement to settle this Action pursuant to the terms of the Settlement Agreement, attached hereto as **Exhibit 1**.[1]

3. On July 28, 2023, Plaintiff filed a class action lawsuit against ARX, alleging ARX failed to adequately protect Plaintiff's and the Class's personally identifiable information ("PII") and protected health information ("PHI") from unauthorized access. *See* Class Action Complaint, ECF No. 1. Plaintiff filed her First Amended Class Action Complaint on October 17, 2023, asserting the following claims for relief: (i) negligence; (ii) unjust enrichment; (iii) breach of implied contract; (iv) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); and (v) declaratory judgment. *See* Compl. ¶¶ 127–99. In response, ARX filed a Motion to Dismiss (ECF No. 29), which Plaintiff opposed (ECF No. 32).

4. Prior to engaging in mediation and reaching a settlement, the parties conducted meaningful informal discovery. On November 13, 2023, Plaintiff served informal discovery requests on Defendants. On November 29, 2023, Defendants served informal discovery requests on Plaintiff. Thereafter, both Parties exchanged documents and information responsive to these informal discovery requests, allowing

---

[1] All capitalized terms not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2

them to fully evaluate the strengths and weaknesses of their position. The Parties also exchanged initial disclosures pursuant to Rule 26 on October 16, 2023.

5. The proposed Settlement was agreed to following extensive arm's-length negotiations, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the inherent risks in the Litigation, and with the active involvement of the Parties. This included a full-day mediation session on December 21, 2023, with highly respected mediator Christopher L. Griffin of Griffin Mediation (the "Mediator"). Although a settlement was not reached at the mediation, considerable progress was made. Significant arm's-length settlement negotiations took place between the Parties in the weeks following the mediation, including with the assistance of the Mediator. The Parties were successful in reaching an agreement in principle to resolve the Action in the weeks following the mediation. The terms of the Settlement reached are memorialized in the Settlement Agreement, which was negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the inherent risks in the Litigation, and with the active involvement of the Parties.

6. The Settlement provides substantial benefits to the Settlement Class, including significant monetary benefits and extensive identity theft protection and credit monitoring. Notably, the Settlement makes available up to $850,000.00 to the 41,166 Settlement Class Members—approximately $20.65 per Settlement Class Member.

7. Before settlement negotiations, and as alluded to above, Class Counsel sought and obtained informal discovery from ARX on a number of topics, including: the number of individuals whose PI and PHI was compromised during the Data Incident; the types of PHI/PII potentially compromised; the mechanics of the Data Incident; the remedial actions ARX took after the Data Incident; and the terms of any potentially applicable insurance coverage. Indeed, the Settlement was achieved only after: a thorough investigation that culminated in the preparation of a detailed amended complaint and response to ARX's motion to dismiss; the consideration of relevant informal discovery; the preparation of a detailed mediation statement; and intense settlement negotiations. Class Counsel thoroughly evaluated this in their analysis of damages.

8. By the time the Settlement in principle was reached, Plaintiff and Class Counsel were well informed of the strengths and weaknesses of the case.

9. After the Settlment was reached, Class Counsel undertook a competitive bidding process to achieve an excellent Settlement Administrator for the Class—Angeion. This included soliciting cost proposals from different settlement administrators. Angeion is a well-known firm with a history of successfully administering many class action settlements, including other data breach settlements. The Parties selected Angeion after considering bids from multiple administration firms and believe that Angeion will be able to meet the obligations imposed on the Settlement Administrator under the settlement for a reasonable cost.

10. It is Class Counsel's opinion that the Settlement is fair, reasonable, and adequate considering the significant benefits to the Settlement Class as well as the risks and delays attendant to further protracted litigation. This view is informed by proposed Class Counsel's decades of work litigating complex actions. Federman & Sherwood has extensive experience in the successfully litigating data breach class actions. *See* **Exhibit 2** (resumé of Federman & Sherwood).

11. Class Counsel represent that there are no agreements related to the settlement other than those reflected in the Settlement Agreement itself and an agreement with Angeion to perform notice and settlement administration services if this Motion is granted by the Court.

12. The Settlement Class Representative has also demonstrated her adequacy by: (i) selecting well-qualified Class Counsel; (ii) producing information and documents to Class Counsel to permit investigation and development of the complaints; (iii) being available as needed throughout the litigation; and (iv) monitoring the Litigation. Plaintiff does not have any interests antagonistic to other class members.

13. It is my opinion that the proposed class action settlement is fair, reasonable, and adequate and is an outstanding result for the Settlement Class Members.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 23, 2024

Respectfully submitted,

*/s/: William B. Federman*
William B. Federman (*pro hac vice*)
Lead Counsel
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
T: (405) 235-1560
wbf@federmanlaw.com
*Proposed Class Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

This is to certify that on April 23, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/: William B. Federman*
William B. Federman