**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PHYLLIS KAMINOWITZ,

        Plaintiff,

v.                                    Case No.: 6:23-cv-1446-WWB-UAM

ASSISTRX, INC., ARX PATIENT
SOLUTIONS, LLC and ARX PATIENT
SOLUTIONS PHARMACY, LLC,

        Defendants.
_____/

## ORDER AND JUDGMENT

THIS CAUSE is before the Court on Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award (Doc. 53) and Unopposed Motion for Final Approval of Class Action Settlement (Doc. 61).

On February 6, 2025, this Court granted preliminary approval of the parties' Settlement Agreement in the above-captioned action ("**Action**"). ("**Preliminary Approval Order**," Doc. 50). Notice was sent in accordance with the Preliminary Approval Order to the Class Members providing an opportunity for Class Members to receive benefits under the Settlement Agreement, opt-out, or submit objections. During the response period, no Class Members submitted objections, and two individuals submitted requests for exclusion (or "**opt-outs**").

On May 7, 2025, at 1:00 p.m. the Court held a final hearing ("**Final Hearing**") on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (Doc. 61) and Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award (Doc. 53). Plaintiff Phyllis Kaminowitz, on behalf of herself and on behalf of all others similarly situated, appeared

by and through Settlement Class Counsel William B. Federman of Federman & Sherwood at the Final Hearing, and Defendants ARX Patient Solutions, LLC, AssistRX, Inc., and ARX Patient Solutions Pharmacy, LLC (collectively, "**Defendants**") appeared by and through their attorney, Leslie Hartford of Nixon Peabody LLP, at the Final Hearing.

Upon evaluating the (i) Settlement Agreement and attached exhibits (Doc. 48-1); (ii) Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement; (iii) Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, and Service Awards and the Declaration of William B. Federman (Doc. 54) in support thereof; and (iv) the Joint Notice of Agreement as to Attorneys' Fees, Costs, and Expenses (Doc. 60); and (v) after hearing counsel for all of the parties at the Final Hearing; and (vi) after due deliberation having been held thereon,

It is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award (Doc. 53) and Unopposed Motion for Final Approval of Class Action Settlement (Doc. 61) are **GRANTED in part** as set forth herein and **DENIED** in all other respects. Final approval of the Settlement Agreement and the requested attorneys' fees and expenses is granted, minus the service award.[1]

---

[1] Although the Court indicated at the Final Hearing that it would approve the settlement award, it did so in error. In *Johnson v. NPAS Solutions, LLC*, the Eleventh Circuit held that district courts cannot approve requests for Service Awards to plaintiffs suing on behalf of a class. 975 F.3d 1244, 1257 (11th Cir. 2020) ("A plaintiff suing on behalf of a class can be reimbursed for attorneys' fees and expenses incurred in carrying on the litigation, but he cannot be paid a salary or be reimbursed for his personal expenses."). Since then, this Court has held that the *Johnson* decision forbids service or "incentive" awards in class actions. *See Lochren v. Horne LLP*, No. 6:21-cv-1640-WWB-LHP, 2023 WL 7411114, at *6 (M.D. Fla. Sept. 19, 2023), *report and recommendation adopted*, 2023 WL 9792603, at *2 (M.D. Fla. Nov. 20, 2023). Accordingly, the portion of

2. The Court hereby finds and orders for purposes of settlement only:

   a. Capitalized terms used in this Order and Judgment and not otherwise defined herein shall have the definitions assigned to them in the Settlement Agreement (Doc. 48-1).

   b. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members, with respect to the following Class certified under Federal Rule of Civil Procedure 23 :

   > All persons residing in the United States whose protected health information or personally identifiable information was potentially compromised in the Data Incident impacting ARX Patient Solutions, LLC, AssistRx, Inc., and/or ARX Patient Solutions Pharmacy, LLC, that was discovered in or around March 2022.

   c. With the exception of the service award, the Court hereby fully, finally, and unconditionally approves the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action.

   d. The Class Members have been given proper and adequate notice of the Settlement, fairness hearing, Class Counsel's application for attorneys' fees, and the service award to the Settlement Class Representative.

   e. A Declaration of the Settlement Administrator's compliance with the notice program and settlement administration has been filed with the Court (Doc. 61-1). The notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice

---

the Settlement Agreement providing for a service award to the named Plaintiff is not approved.

practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

f. The Settlement Agreement shall be implemented in accordance with its terms and conditions pursuant to the Settlement Agreement except as modified herein.

g. In accordance with the Settlement Agreement, Class Counsel is hereby awarded attorneys' fees, costs, and expenses in the amount of $210,000.00, to be paid as specified in the Settlement Agreement.

h. Upon the Effective Date of this Order and Judgment, the Action shall be and hereby is **DISMISSED with prejudice** in its entirety as to Defendants, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

i. Each Settlement Class Member is bound by this Order and Judgment, including, without limitation, the release of certain claims as set forth in the Settlement Agreement.

j. As of the final date of the Opt-Out Period, two individuals submitted valid requests to be excluded from the Settlement. These individuals are Kelly Panzarino and Gary Frye. As such, Kelly Panzarino and Gary Frye are hereby excluded from the Settlement.

k. No objections to the Settlement were received by the Objection deadline.

    l.    The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and declarations filed, all evidence received at the Final Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

    m.    This Order and Judgment, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendants of any liability, claim, or wrongdoing in this Action or in any other proceeding.

    n.    In the event that the Settlement Agreement does not become effective in accordance with the Settlement Agreement, then this Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

3.    The Court finds that there is no just reason for delay of entry of this Order and Judgment.  Therefore, the Clerk is directed to enter judgment in favor of Plaintiff, and against Defendants, in accordance with this Order and Judgement.  Thereafter, the Clerk is directed to terminate all pending motions and close this case.

4.    The Court retains jurisdiction over (a) implementation of this Settlement Agreement; (b) disposition of the settlement funds; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement and this Order and Judgment.

**DONE AND ORDERED** in Orlando, Florida on June 5, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record